THE THOMAS MELVILLE.

WINDMULLER *et al. v.* THE THOMAS MELVILLE *et al.*

(*Circuit Court, S. D. New York.* October 15, 1888.)

1. SHIPPING—CARRIAGE OF GOODS—INJURIES TO CARGO—PLEADING AND PROOF·
  Upon a libel for damage alleging "that by reason of the neglect and failure of the said master * * * to properly stow the said merchandise, and of the improper, unsafe, and unseaworthy condition of the said steamer, and by want of proper care of the said master, * * * and by reason of the improper and insufficient dunnage of the merchandise, and the unsafe and leaky condition of the deck of said steamer, on said voyage, the said merchandise was damaged," no recovery can be had for damage by coal-dust not resulting from improper stowage.

**2.** ADMIRALTY—APPEAL—REVIEW.

Where the evidence is conflicting, and no new evidence is introduced, the circuit court will not, on appeal of a libel for damage, review the finding of the district court.

In Admiralty. Libel for damages. On appeal from district court, 31 Fed. Rep. 486.

Libel by Windmuller and others against the Thomas Melville, James Turpie, Son & Co., claimants, for damage done to a cargo of prunes shipped in October, 1883, on board the Thomas Melville, at Trieste, in casks, boxes, barrels, and kegs, to be delivered at New York. The greater part of the damage was done by sea-water, which leaked through the decks; but there was also a claim of damage from coal-dust, which penetrated some of the boxes. The libels were dismissed by the district court, and the libelants appeal.

*Franklin A. Wilcox*, for libelants.

*E. B. Convers*, for claimants.

LACOMBE, J. 1. The court below, upon conflicting evidence, has found that the ship was seaworthy, and her decks not insufficient for the voyage when she left Trieste; that she experienced very tempestuous weather, and that the leaks in her decks, which caused the sea-water damage complained of, were produced by a peril of the seas, and not by the ship's own fault. These are questions of fact. No additional evidence on this branch of the case is presented here, and the finding of the district judge will not be disturbed.

2. The same considerations apply to his decision as to damage claimed from insufficient dunnage and improper stowage. It was formed upon conflicting testimony, and no new evidence is introduced here.

3. The only remaining claim is for damage from coal-dust. Much evidence upon that branch of the case was introduced in this court. The amended libel setting up this damage as a separate cause of action having been stricken from the files, (*The Thomas Melville*, 34 Fed. Rep. 350,) the claim can be sustained only upon the theory that the district judge erred in holding that coal-dust damage was not properly pleaded in the original libel. The averments upon which libelants rely are these: "That by reason of the neglect and failure of the said master and the said owners of the said steamer, and the officers thereof, to properly stow the said merchandise, and of the improper, unsafe, and unseaworthy condition of the said steamer, and by the want of proper care of the said master and owners and officers of said steamer, and by reason of the improper and insufficient dunnage of the said merchandise, and the unsafe and leaky condition of the deck of said steamer on said voyage, the said merchandise was damaged," etc. This is not a case where claimants, having gone to trial under general averments in a libel without objecting, or without asking for a specification of particulars, are not allowed to object to proof of special damage fairly within the general allegations. Here the pleader has specifically enumerated bad stowage, unseaworthy condition, insufficient dunnage, and leaky decks as causes of damage. Having

undertaken to set forth specifically his separate grounds of claim, he must enumerate them all, or else confine his proof to those which he has declared upon.

4. As to packages of prunes damaged by dust from being stowed in the coal-bunkers, it might be claimed that damages would be recoverable under the averment of bad stowage. Here, however, the proof is insufficient. Only a part of the whole cargo of prunes, (consigned to others as well as to libelant) was in the bunkers, and there is no evidence to show that libelants' casks were the ones stowed there. The decree of the district court is affirmed.